**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| UNILOC USA, INC. and<br>UNILOC LUXEMBOURG, S.A.,<br><br>Plaintiffs,<br><br>v.<br><br>WHATSAPP, INC.,<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 2:16-cv-645<br><br><br><br>PATENT CASE<br><br><br><br>JURY TRIAL DEMANDED |

**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiffs, Uniloc USA, Inc. and Uniloc Luxembourg, S.A. (together "Uniloc"), as and for their complaint against defendant, WhatsApp, Inc. ("WhatsApp"), allege as follows:

**THE PARTIES**

1. Uniloc USA, Inc. ("Uniloc USA") is a Texas corporation having a principal place of business at Legacy Town Center I, Suite 380, 7160 Dallas Parkway, Plano Texas 75024. Uniloc also maintains a place of business at 102 N. College, Suite 603, Tyler, Texas 75702.

2. Uniloc Luxembourg S.A. ("Uniloc Luxembourg") is a Luxembourg public limited liability company having a principal place of business at 15, Rue Edward Steichen, 4th Floor, L-2540, Luxembourg (R.C.S. Luxembourg B159161).

3. Uniloc Luxembourg owns a number of patents in the field of text/voice instant messaging.

4. Upon information and belief, WhatsApp is a Delaware corporation having a principal place of business at 6501 Castro Street, Suite 120-219, Mountain View, California

94041 and does business via distributing its accused Messenger app to users in Texas and in the judicial Eastern District of Texas. WhatsApp may be served through its registered agent: Corporation Service Company which will do business in California as CSC-Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833.

## JURISDICTION AND VENUE

5.      Uniloc brings this action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271 *et seq.* This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a) and 1367.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(c) and 1400(b). Upon information and belief, WhatsApp is deemed to reside in this judicial district, has committed acts of infringement in this judicial district, and/or has purposely transacted business involving the accused products in this judicial district, including sales to one or more customers in Texas.

7.      WhatsApp is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and judicial district, including: (A) at least part of its past infringing activities, (B) regularly doing or soliciting business in Texas and/or (C) engaging in persistent conduct and/or deriving substantial revenue from goods and/or services provided to customers in Texas.

## COUNT I
(INFRINGEMENT OF U.S. PATENT NO. 7,535,890)

8.      Uniloc incorporates paragraphs 1-7 above by reference.

9.      Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 7,535,890 ("the '890 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING

that issued on May 19, 2009.  A true and correct copy of the '890 Patent is attached as Exhibit A hereto.

10. Uniloc USA is the exclusive licensee of the '890 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

11. Upon information and belief, the following describes, at least in part, WhatsApp's Messenger app:



12. Upon information and belief, the following describes, at least in part, how WhatsApp's Messenger app system works:



13. Upon information and belief, the following describes, at least in part, how WhatsApp's Messenger app system works:



14. Upon information and belief, the following describes, at least in part, how WhatsApp's Messenger app system works:



15. Upon information and belief, the following describes, at least in part, how WhatsApp's Messenger app system works:

4

16.     Upon information and belief, the following describes, at least in part, how WhatsApp's Messenger app system works:



17.     Upon information and belief, the following describes, at least in part, how WhatsApp's Messenger app system works:



18.     Upon information and belief, the following describes, at least in part, how WhatsApp's Messenger app system works:

5

> www.whatsapp.com/legal/
>
> The contents of messages that have been delivered by the WhatsApp Service are not copied, kept or archived by WhatsApp in the normal course of business. The WhatsApp Service is meant to be a SMS replacement, using data service through a user's phone (either via cell network or wifi). Users type their messages, which are sent via data service to our servers, and routed to the intended recipient (who must also be a WhatsApp user), if that recipient is online. If the recipient is not online, the undelivered message is held in WhatsApp's server until it can be delivered. If the message is undelivered for thirty (30) days, the undelivered message is deleted from our servers. Once a message has been delivered, it no longer resides on our servers. The contents of any delivered messages are

19.     Upon information and belief, the following describes, at least in part, how WhatsApp's Messenger app system works:



20.     Upon information and belief, the following describes, at least in part, how WhatsApp's Messenger app system works:

6



21.     Upon information and belief, the following describes, at least in part, how WhatsApp's Messenger app system works:



22.     Upon information and belief, the following describes, at least in part, how WhatsApp's Messenger app system works:



23. Upon information and belief, the following describes, at least in part, how WhatsApp's Messenger app system works:



24. WhatsApp has directly infringed, and continues to directly infringe one or more claims of the '890 Patent in this judicial district and elsewhere in Texas, including at least Claims 1-6, 9, 14, 15, 17-20, 23, 28, 29, 31-34, 37, 40-43, 46, 51-54, 57, 62, 63, 64, 65, 68, 69

literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the Messenger app system running Android, iOS and/or WP8 during the pendency of the '890 Patent which software and associated WhatsApp servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging wherein the instant messages are temporarily stored if an intended message recipient is unavailable and thereafter delivered once the intend recipient becomes available.

25. In addition, should WhatsApp's Messenger app system be found to not literally infringe the asserted claims of the '890 Patent, WhatsApp's Messenger app system would nevertheless infringe the asserted claims of the '890 Patent. More specifically, the accused WhatsApp Messenger app system performs substantially the same function (instant voice messaging), in substantially the same way (via a client/server environment), to yield substantially the same result (delivering voice messages to available intended recipients). WhatsApp would thus be liable for direct infringement under the doctrine of equivalents.

26. WhatsApp may have infringed the '890 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its Messenger app. Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

27. Uniloc has been damaged, reparably and irreparably, by WhatsApp's infringement of the '890 Patent and such damage will continue unless and until WhatsApp is enjoined.

## COUNT II
(INFRINGEMENT OF U.S. PATENT NO. 8,199,747)

28. Uniloc incorporates paragraphs 1-27 above by reference.

9

29. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,199,747 ("the '747 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on June 12, 2012. A true and correct copy of the '747 Patent is attached as Exhibit B hereto.

30. Uniloc USA is the exclusive licensee of the '747 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

31. WhatsApp has directly infringed, and continues to directly infringe one or more claims of the '747 Patent in this judicial district and elsewhere in Texas, including at least Claims 1-3 and 12-14 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the Messenger app running iOS, Android and/or WP8 during the pendency of the '747 Patent which software and associated WhatsApp servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein the instant message audio file is generated and one or more files attached thereto and transmitting the files to available recipients and temporarily storing the message if an intended recipient is unavailable and thereafter delivered once the intend recipient becomes available.

32. In addition, should WhatsApp's Messenger app be found to not literally infringe the asserted claims of the '747 Patent, WhatsApp's Messenger app would nevertheless infringe the asserted claims of the '747 Patent. More specifically, the accused WhatsApp Messenger app performs substantially the same function (instant voice messaging), in substantially the same way (recording and transmitting a message to be audibly played by one or more recipients and temporarily storing messages for a recipient who is unavailable), to yield substantially the same

result (delivering voice messages with attached file(s) to available intended recipients). WhatsApp would thus be liable for direct infringement under the doctrine of equivalents.

33. WhatsApp may have infringed the '747 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its Messenger app. Uniloc reserves the right to discover and pursue all such additional infringing software.

34. Uniloc has been damaged, reparably and irreparably, by WhatsApp's infringement of the '747 Patent and such damage will continue unless and until WhatsApp is enjoined.

## COUNT III
### (INFRINGEMENT OF U.S. PATENT NO. 8,243,723)

35. Uniloc incorporates paragraphs 1-34 above by reference.

36. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,243,723 ("the '723 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on August 14, 2012.  A true and correct copy of the '723 Patent is attached as Exhibit C hereto.

37. Uniloc USA is the exclusive licensee of the '723 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

38. WhatsApp has directly infringed, and continues to directly infringe one or more claims of the '723 Patent in this judicial district and elsewhere in Texas, including at least Claims 1-3 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the WhatsApp Messenger app running iOS, Android and/or WP8 during the pendency of the '723 Patent which software and associated WhatsApp servers perform instant voice messaging over Wi-Fi and the Internet between persons using

cellphones and/or other devices capable of instant voice messaging; wherein the availability of the recipients' nodes is monitored, recorded and displayed and the instant message(s) are temporarily stored if an intended message recipient is unavailable and thereafter delivered once the intend recipient becomes available.

39. In addition, should WhatsApp's Messenger app be found to not literally infringe the asserted claims of the '723 Patent, WhatsApp's Messenger app would nevertheless infringe the asserted claims of the '723 Patent. More specifically, the accused Messenger app performs substantially the same function (instant voice messaging), in substantially the same way (monitoring, recording and displaying recipients' availability), to yield substantially the same result (delivering voice messages to available intended recipients and storing messages for unavailable recipients until they become available). WhatsApp would thus be liable for direct infringement under the doctrine of equivalents.

40. WhatsApp may have infringed the '723 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its Messenger app. Uniloc reserves the right to discover and pursue all such additional infringing software.

41. Uniloc has been damaged, reparably and irreparably, by WhatsApp's infringement of the '723 Patent and such damage will continue unless and until WhatsApp is enjoined.

## COUNT IV
(INFRINGEMENT OF U.S. PATENT NO. 8,724,622

42. Uniloc incorporates paragraphs 1-41 above by reference.

43. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,724,622 ("the '622 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING

that issued on May 13, 2014. A true and correct copy of the '622 Patent is attached as Exhibit D hereto.

44. Uniloc USA is the exclusive licensee of the '622 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

45. WhatsApp has directly infringed, and continues to directly infringe one or more claims of the '622 Patent in this judicial district and elsewhere in Texas, including at least Claims 3, 4, 6-8, 10-19, 21-23, 27-33, 35 and 38-39 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the WhatsApp Messenger app system running iOS, Android and/or WP8 during the pendency of the '622 Patent which software and associated WhatsApp servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging; wherein digitized audio files are transmitted between a plurality of recipients on a packet switched network and a list of one or more currently potential recipients is displayed on the device.

46. In addition, should WhatsApp's Messenger app system be found to not literally infringe the asserted claims of the '622 Patent, WhatsApp's accused Messenger app system would nevertheless infringe the asserted claims of the '622 Patent. More specifically, the accused Messenger app system performs substantially the same function (instant voice messaging), in substantially the same way (via a digitized audio files in a client/server environment), to yield substantially the same result (delivering voice messages to available intended recipients). WhatsApp would thus be liable for direct infringement under the doctrine of equivalents.

47. WhatsApp may have infringed the '622 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its Messenger app system. Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

48. Uniloc has been damaged, reparably and irreparably, by WhatsApp's infringement of the '622 Patent and such damage will continue unless and until WhatsApp is enjoined.

**COUNT V**
(INFRINGEMENT OF U.S. PATENT NO. 8,995,433)

49. Uniloc incorporates paragraphs 1-48 above by reference.

50. Uniloc Luxembourg is the owner, by assignment, of U.S. Patent No. 8,995,433 ("the '433 Patent"), entitled SYSTEM AND METHOD FOR INSTANT VOIP MESSAGING that issued on March 31, 2015. A true and correct copy of the '433 Patent is attached as Exhibit E hereto.

51. Uniloc USA is the exclusive licensee of the '433 Patent with ownership of all substantial rights therein, including the right to grant sublicenses, to exclude others, and to enforce, sue and recover past damages for the infringement thereof.

52. WhatsApp has directly infringed, and continues to directly infringe one or more claims of the '433 Patent in this judicial district and elsewhere in Texas, including at least Claims 1-5, 7-12 and 14-17, 25-27 literally and/or under the doctrine of equivalents, by or through making, using, importing, offering for sale and/or selling the Messenger app system running iOS, Android and/or WP8 during the pendency of the '433 Patent which software and associated WhatsApp servers perform instant voice messaging over Wi-Fi and the Internet between persons using cellphones and/or other devices capable of instant voice messaging;

wherein a list of one or more potential recipients is displayed on the device, the instant messages are temporarily stored using a unique identifier, and a file manager stores, retrieves and/or deletes the messages in response to the users request.

53. In addition, should WhatsApp's Messenger app system be found to not literally infringe the asserted claims of the '433 Patent, WhatsApp's accused Messenger app system would nevertheless infringe the asserted claims of the '433 Patent. More specifically, the accused Messenger app system performs substantially the same function (instant voice messaging), in substantially the same way (identifying potentially available recipients, storing messages using unique identifiers and a file manager for storing, retrieving and/or deleting the messages), to yield substantially the same result (delivering voice messages to available intended recipients and wherein the messages may be stored, retrieved and/or deleted). WhatsApp would thus be liable for direct infringement under the doctrine of equivalents.

54. WhatsApp may have infringed the '433 Patent through other software utilizing the same or reasonably similar functionality, including other versions of its Messenger app system. Uniloc reserves the right to discover and pursue all such additional infringing software/devices.

55. Uniloc has been damaged, reparably and irreparably, by WhatsApp's infringement of the '433 Patent and such damage will continue unless and until WhatsApp is enjoined.

**PRAYER FOR RELIEF**

Uniloc requests that the Court enter judgment against WhatsApp as follows:

(A)  that WhatsApp has infringed the '890 Patent, the '747 Patent, the '723 Patent, the '622 Patent and the '433 Patent;

(B)     awarding Uniloc its damages suffered as a result of WhatsApp's infringement of the '890 Patent, the '747 Patent, the '723 Patent, the '622 Patent and the '433 Patent pursuant to 35 U.S.C. § 284;

(C)     enjoining WhatsApp, its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries and parents, and all others acting in concert or privity with it from infringing the '890 Patent, the '747 Patent, the '723 Patent, the '622 Patent and the '433 Patent pursuant to 35 U.S.C. § 283;

(D)     awarding Uniloc its costs, attorneys' fees, expenses and interest, and

(E)     granting Uniloc such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Uniloc hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated: June 14, 2016                    Respectfully submitted,

*/s/ Craig Tadlock*
Craig Tadlock
Texas State Bar No. 00791766
Keith Smiley
Texas State Bar No. 24067869
**TADLOCK LAW FIRM PLLC**
2701 Dallas Parkway, Suite 360
Plano, TX 75093
Tel: (903) 730-6789
Email: craig@tadlocklawfirm.com
Email: keith@tadlocklawfirm.com

Paul J. Hayes
Kevin Gannon
**CESARI AND MCKENNA, LLP**
88 Black Falcon Ave
Suite 271
Boston, MA 02110
Telephone: (617) 951-2500

                        Facsimile: (617) 951-3927
                        Email: pjh@c-m.com
                        Email: ktg@c-m.com

**ATTORNEYS FOR THE PLAINTIFFS**